UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DONOVAN RAMIREZ,

                            Plaintiff,

             -against-

City of New York; P.O. William Dugan, P.O. Vincent Lindner, JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

12-CV-1949 (SLT)(JMA)

## NATURE OF THE ACTION

1.  This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.  The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.  This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Donovan Ramirez ("plaintiff" or "Mr. Ramirez") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants P.O. William Dugan and P.O. Vincent Lindner, (the "officers") were law enforcement officers employed by the NYPD and were acting as agents, servants and employees of defendant City of New York and the NYPD. The Officers are sued in their individual capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, P.O.s or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     At approximately 1:50 p.m. on June 16, 2015, plaintiff was lawfully present on a terrace at 3125 Neptune Avenue in Brooklyn, New York.

14.     Defendants, including Dugan and Lindner approached plaintiff from behind.

15.     Defendants were not in uniform.

16.     Startled, plaintiff turned around and adopted a defensive posture.

17.     Defendants placed plaintiff in handcuffs.

18.     When plaintiff complained the cuffs were too tight, plaintiff was shoved against a wall causing an injury to his right eye.

19.     Upon searching plaintiff, one of the officers intentionally grabbed plaintiff's crotch.

20.     Plaintiff was taken to a police van and taken to a police precinct.

21.     While plaintiff was at the precinct the defendants falsely informed employees of the Kings County District Attorney's Office that plaintiff had committed the crime of Tampering with Evidence and created documents and

3

paperwork to that effect.

22. Plaintiff was transported to Brooklyn Central Booking.

23. After some time at Central Booking, plaintiff was told there was insufficient evidence to sustain the charge.

24. When plaintiff was arraigned he received an ACD.

25. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Unreasonable Force**

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
**Failure to Intervene**

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

37. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Monell

39. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

41. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

42. The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

43. The City, at all relevant times, was aware that these

6

individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

44. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

45. These policies, practices, and customs were the moving force behind plaintiffs' injuries

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: March 8, 2016
             New York, New York

/s_____
Robert Marinelli
305 Broadway, 9th Floor
New York, New York 10007
(212) 323-6880
rmarinelli@hmswlaw.com

*Attorney for plaintiff*